**ALLESANDRO, d. b. a. LUCKY STAR CAFE, Plaintiff-Appellee, v. BOARD OF LIQUOR CONTROL, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4783. Decided February 27, 1953.

Paul F. Ward, Charles T. Kaps, Columbus, for plaintiff-appellee.
Hon. C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for defendants-appellants.

**OPINION**

By HORNBECK, J.

This is an appeal from an order of the Common Pleas Court based on a separate action which order vacated a judgment which had theretofore been entered affirming an order of the Board of Liquor Control which had affirmed an order of the Department of Liquor Control revoking a D-5 permit of appellee.

The charge which the Department and the Board held to be established was that the permit holder by its agent and with its "knowledge and consent allowed to be kept and possessed upon the permit premises a quantity of narcotics, to wit, marijuana cigarettes, and that on said date the permit holder allowed and knowingly permitted the said cigarettes to be sold on the said premises, * * *."

Knowledge of the possession and/or sale of the cigarettes was a material element of the offenses charged. It was established, in considerable part, by the testimony of Robert Stewart who purchased the cigarettes in the permit premises on the evening of July 3, 1948. The purchase was testified by Stewart to have been made from a man by the name of Jones and the nine cigarettes purchased were taken from a package of 50 which were placed in a beer case on the barroom floor. Stewart said that at the time of his purchase a bartender, whom he positively identified as Mr. Fingerhurt, saw the sale and said "Good sale, Jones."

After the present proceeding to vacate the order was filed, the deposition of Stewart was taken at the London Prison Farm where he was a prisoner and the substance of his statements was that he did not know Fingerhurt; that he did not know that he was the bartender back of the bar; that he was more inclined to say that it wasn't Fingerhurt than that it was and that the officers who arrested him insisted upon him positively identifying Fingerhurt, pointing him out to Stewart and promising him immunity from prosecution if he so testified.

The grounds for the vacation of the judgment were that the order of the Board of Liquor Control was fraudulently obtained by reason of the false testimony of Stewart and by reason of coercion of the police officers in inducing him to testify falsely.

Appellants assign two grounds of error. One, in vacating the judgment of affirmance of the Common Pleas Court and reversing the order of the Board. Two, that the order of vacation was against the manifest weight of the evidence.

At the oral presentation of this appeal it was agreed by counsel for appellants that the Court upon the petition had the authority to vacate the order of affirmance and to remand the proceedings to the Board of Liquor Control for further consideration and action, but that the deposition did not support such action.

The judge who passed on the petition to vacate handed down a written opinion at the conclusion of which he stated that the order

affirming the decision of the Board of Liquor Control would be reversed, and that "this cause be remanded to the Board of Liquor Control for rehearing with instructions to consider the deposition of the witness, Robert Stewart, or in the alternative that he be brought before the Liquor Control Board on rehearing of this cause and be permitted to testify." The judgment entry carried the order of reversal but omitted the further language in the Court's opinion heretofore quoted.

We have read the record before the Board on the appeal from the order of the Department revoking the appellee's permit and the deposition of Stewart. Granting to the trial judge his right to weigh and resolve the testimony in the deposition, we cannot say that he erred in holding that the deposition of Stewart was so contradictory of his statements before the Board as to the knowledge of appellant of the possession of the cigarettes as to justify the order.

It is true that the false statements of Stewart would not support a vacation of the judgment under §11631 GC because Stewart had not been convicted of perjury at the time of the taking of his deposition. It is claimed that the petition here was addressed to the equity side of the court and that fraud requiring a vacation was adduced though Stewart had not been convicted of perjury.

Reliance is had upon **Power and Light Company v. Smith, 126 Oh St 611.** We are inclined to agree that the citation supports appellee's claim. Of course, there is no claim here, nor could there be, that the Board or the Department was involved in any manner with the so-called fraud. In most of the cases deciding the question one or both of the parties have been shown to be connected with the fraud upon which the court acted.

It is also asserted that the action of the police officers did not constitute coercion.

It appears that the officers had known of Stewart's connection with the sale of marijuana cigarettes and that Jones regularly frequented appellee's place of business. Stewart had been arrested and agreed to cooperate with the officers in buying cigarettes and exposing the seller. At the time of the purchase and at the time of Stewart's testimony he was in charge of the officers and under certain constraint. Their suggestion as to Stewart's testimony, as given, together with their promise of immunity or leniency, permit the conclusion of coercion.

The judgment entry which is the order upon which the appeal is based is incorrect, in that it is incomplete and, as it stands, would completely annul the revocation of permit order of the Board and the Department. An order of the Court, in conformity to the written opinion, and that part of it which we have heretofore quoted, is not prejudicially erroneous under the evidence.

The order will be modified as hereinbefore noted and the judgment, as modified, will be affirmed and cause remanded.

WISEMAN, PJ, MILLER, J, concur.